FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JUN 29 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Nos 09-CR-205, 09-CR-757, 14-CV-355 (JFB)

UNITED STATES OF AMERICA,

VERSUS

GARY BASTIEN,

Defendant.

**MEMORANDUM AND ORDER**
June 29, 2015

JOSEPH F. BIANCO, District Judge:

On November 6, 2009, defendant Gary Bastien ("Bastien" or "defendant") pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 (No. 09-CR-205), and multiple counts of wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343 (No. 09-CR-757). On July 30, 2010, the undersigned sentenced Bastien to 57 months of imprisonment for the bank fraud charged under 09-CR-205, to run concurrently to 57 months of imprisonment for the wire and mail fraud charged under 09-CR-757. The undersigned also sentenced Bastien to a three-year term of supervised release in each action, to run concurrent to each other. Additionally, the undersigned recommended that Bastien participate in a mental health treatment program. The Court entered a judgment of conviction on August 5, 2010. Bastien, proceeding *pro se*, then moved for relief pursuant to Rules 60(b) and 60(d) of the Federal Rules of Civil Procedure, which was denied in a Memorandum and Order dated April 19, 2013 (the "Rule 60 Order"). *United States v. Bastien*, Nos. 09-CR-205, 09-CR-757 (JFB), 2013 WL 1701601 (E.D.N.Y. Apr. 19, 2013), *aff'd*, 565 F. App'x 24 (2d Cir. May 9, 2014). Bastien now moves for collateral relief through a writ of *audita querela* (the "*Audita Querela* Motion"), and, having completed his prison term, for early termination of supervised release (the "Supervised Release Motion"). For the following reasons, the Court denies the motions in their entirety.

I. BACKGROUND

The Court assumes the parties' familiarity with the underlying facts. As relevant here, Bastien completed his prison term on April 1, 2013, and currently is on supervised release. He did not directly appeal his conviction or sentence, or seek habeas relief pursuant to 28 U.S.C. § 2255.

Bastien filed the *Audita Querela* Motion on January 10, 2014. On February 6, 2014, the Court ordered the government to respond, but the Court erroneously styled the order as if the petition was brought

pursuant to 28 U.S.C. § 2255.[1] On March 31, 2014, Bastien filed an ex parte motion for early termination of supervised release. The Court ordered the government to respond to this motion, as well. Following delays in briefing while the parties awaited the Second Circuit's ruling on Bastien's appeal of the Court's Rule 60 Order, the government filed its opposition on July 17, 2014. Bastien responded on July 23, 2014. Bastien also supplemented his motion with submissions filed on December 9, 2014, and December 11, 2014, including a motion under § 2255. The matter is fully submitted.

## II. WRIT OF *AUDITA QUERELA*

### A. Legal Standard

Pursuant to 28 U.S.C. § 1651(a), the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," including a writ of *audita querela*. Although formally abolished in civil cases, *see* Fed. R. Civ. P. 60(e), the writ of *audita querela* "remain[s] available in very limited circumstances with respect to criminal convictions," *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). A writ of *audita querela* "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.* The writ may also be used to challenge "a judgment that was correct at the time it was rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Quintieri*, No. 00-CR-351 (TCP), 2013 WL 249648, at *2 (E.D.N.Y. Jan. 22, 2013) (citation and internal quotation marks omitted).

Finally, the writ "'might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244—if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255.'" *United States v. Sperling*, 367 F. App'x 213, 214 (2d Cir. 2010) (quoting *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997)).

### B. Discussion

Bastien asserts four bases for the issuance of a writ of *audita querela*: (1) the Court erred by not ordering a competency hearing before sentencing; (2) Bastien was not offered any mental health treatment while he was incarcerated; (3) he was forced to work excessive and exhausting hours while incarcerated; and (4) he received ineffective assistance of counsel. Bastien claims that these errors violated his Fifth, Eighth, and Fourteenth Amendment rights. As set forth below, the Court denies the petition because it is procedurally barred and, regardless, none of the claims have merit.

#### 1. Procedural Bars

First, pursuant to the terms of his written plea agreement on November 6, 2009, Bastien is barred from collaterally attacking his conviction or sentence through a writ of *audita querela*. It is well settled that "a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Moore*, 306 F. App'x 628, 629 (2d Cir. 2009) (citations omitted). Such

---

[1] This error is immaterial. The government has fully responded to the issues raised in the *Audita Querela* Motion, and, in his reply, Bastien reiterates that seeks relief through a writ of *audita querela*.

2

a waiver applies both to petitions for habeas relief pursuant to 28 U.S.C. § 2255, *see, e.g.*, *Lisnoff v. United States*, No. 05-CV-1209 (NGG), 2006 WL 1367413, at *2–3 (E.D.N.Y. May 18, 2006), and to petitions for a writ of *audita querela*, *see, e.g.*, *Mato-Soto v. United States*, 558 F. App'x 844, 848 & n.3 (10th Cir. 2014) ("[T]he fact that [the defendant] initiated [claims falling within the scope of a knowing and voluntary appellate waiver] by the filing of a petition seeking a writ of audita querela or coram nobis does not relieve him from the effect of his appellate waiver."); *United States v. Tyler*, No. 04 CR 1060, 2009 WL 1953199, at *1 (E.D.N.Y. July 7, 2009) (concluding that petition for writs of *audita querela* or coram nobis was procedurally barred based on court's imposition of term of imprisonment that fell within valid waiver provision of plea agreement). Here, Bastien "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the [district court] impose[d] a term of imprisonment of 57 months or below." (Gov't Opp'n, at 3 (citing Brief for Respondent at 4–7, *United States v. Bastien*, No. 13-1728(L) (2d Cir. Jan. 13, 2014)).) During the plea hearing, the Court reviewed the waiver provision with Bastien and his counsel, and Bastien stated that he understood the waiver and that he was waiving his rights knowingly and voluntarily. (*See* Plea Tr.,[2] at 5–9, 18, 30–32.) On July 30, 2010, the Court imposed a term of imprisonment of 57 months, within the scope of the appellate waiver. The Court has reviewed the plea proceeding and concludes that its finding as to the voluntariness of the plea and waiver was correct. Bastien did not raise any issues regarding his mental competency during the hearing, and he has submitted no evidence from which the Court could now conclude that the plea was not knowing and voluntary. *See Dennis v. Turner*, 729 F. Supp. 15, 16 (S.D.N.Y. 1990) ("[N]o hearing on competency is required if a court has not been given reasonable cause to believe that a defendant has competency problems."). The instant motion, in fact, primarily focuses on Bastien's competency after the plea hearing and before sentencing.

Second, the Court concludes that the writ of *audita querela* is unavailable because judicial remedies did exist for Bastien to challenge the conviction and sentence, such as a petition brought pursuant to 28 U.S.C. § 2255. *See, e.g.*, *Pipola v. United States*, 430 F. App'x 31, 32 (2d Cir. 2011) ("Here, the writ of *audita querela* is not an available remedy, because, as a federal prisoner challenging the legality of his conviction, the relief Pipola seeks is covered by statute: 28 U.S.C. § 2255(a). This conclusion is not undermined by the fact that any Section 2255 motion filed by Pipola must satisfy the threshold requirements applicable to successive Section 2255 motions. . . .") (citations omitted); *Brown v. United States*, No. 11 CV 3580(RJD), 2011 WL 4543060, at *1 (E.D.N.Y. Sept. 23, 2011) ("The writ of audita querela . . . [was] improperly invoked in this case. Because petitioner is challenging the validity of a federal conviction, the proper vehicle is the federal habeas statute, 28 U.S.C. § 2255."). Bastien failed to seek § 2255 relief within the one year statute of limitations provided by 28 U.S.C. § 2255(f)(1). He also has not argued that § 2255 is an inadequate or ineffective remedy. In fact, "§ 2255 is not inadequate or ineffective merely because it is barred by the statute of limitations" or because a defendant knowingly and voluntarily waived her § 2255 rights. *Mata-Soto*, 558 F. App'x at 848 n.3 (citing *Sines v. Wilner*, 609 F.3d

---

[2] The plea transcript is attached to the appendix of the appeal of the Rule 60 Order to the Second Circuit.

3

1070, 1073–74 (10th Cir. 2010)); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."); *Cummings v. United States*, Nos. 13cv8552 (JGK), 08cr1343 (JGK), 2014 WL 3388559, at *2 (S.D.N.Y. July 11, 2014) ("[I]f the defendant waived the right to post-conviction relief such as a direct appeal or a § 2255 motion, the defendant cannot later petition for a writ of audita querela on the basis that these post-conviction remedies are not available because of the waiver." (citations omitted)). Moreover, as the Court noted in the Rule 60 Order, Bastien declined the Court's offer to construe the motion as a § 2255 petition. *Bastien*, 2013 WL 1701601, at *7. In short, the fact that defendant cannot bring an appeal or a § 2255 motion does not make the writ of *audita querela* available.

Accordingly, the Court denies the petition for a writ of *audita querela*, because it is procedurally barred.[3]

2. The Merits

In any event, Bastien's arguments in his various submissions, even if considered by the Court, are meritless.

Bastien has not pointed to anything that "has occurred subsequent to the conviction that remotely creates a legal objection to the conviction." *LaPlante*, 57 F.3d at 253–54. He complains that the Court failed to order a competency hearing before sentencing, that he was not treated properly while incarcerated, and that his counsel was ineffective. First, based upon the record and the Court's observations throughout the proceedings, there is no basis to conclude that Bastien was incompetent at any point in the criminal case. Similarly, there is no basis to conclude that counsel's failure to request a competency hearing was "objectively unreasonable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Bastien also cites to no authority (and the Court could not find any) holding that conditions of incarceration—some of which Bastien raised before sentencing—warrant the reversal of an otherwise valid conviction. In any event, the Court concludes that his conditions of confinement do not warrant relief under the writ of *audita quarela*.[4]

III. EARLY TERMINATION OF SUPERVISED RELEASE

The Court now turns to Bastien's motion for early termination of supervised release. As set forth below, the Court concludes that Bastien's circumstances fall short of being "so unusual as to merit early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

---

[3] To the extent Bastien (in his submission on December 11, 2014) now seeks to bring a § 2255 petition, that petition is procedurally barred by his plea agreement, and is untimely. In any event, that petition has no merit for the reasons discussed *infra*.

[4] To the extent that petitioner's raises additional arguments in his supplemental submission (including, among others, that he is actually innocent, the government engaged in prosecutorial misconduct, and that his lawyer was ineffective), the Court concludes that these arguments also have no merit. There is nothing in any of Bastien's submissions and motions that suggests that he is actually innocent, or that his guilty plea and conviction were invalid, or that his lawyer was ineffective in allowing him to plead guilty. In short, he has provided no factual or legal basis for relief under a writ of *audita qaurela* or any other provision of law.

4

## A. Legal Standard

Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1); *see, e.g., United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (requiring court to consider 18 U.S.C. § 3553(a) factors, "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release"). The district court does not have to make specific findings of fact with respect to each of these factors; instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

Early termination, however, "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03-0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* Instead, as the Second Circuit has explained:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*Lussier*, 104 F.3d at 36.[5]

## B. Discussion

Bastien advances the following reasons in support of his application for early termination of supervised release: (1) he has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities, including compliance with

---

[5] The Judicial Conference on Criminal Law has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and recommended that parole officers evaluate nine factors when deciding whether to approve early termination of supervised release. Those factors are:

(1) Stable community reintegration (e.g., residence, family, employment);

(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

(4) No history of violence . . .;

(5) No recent arrests or convictions . . .;

(6) No recent evidence of alcohol or drug abuse;

(7) No recent psychiatric episodes;

(8) No identifiable risk to the safety of any identifiable victim; and

(9) No identifiable risk to public safety based on the Risk Prediction Index.

Monograph 109, Supervision of Federal Offenders § 380.10(b)(1)–(9); *see, e.g., United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013).

the Court's express terms of supervision and the requirements of the Probation Department; (2) he has volunteered with a non-profit organization that provides free information or literature regarding programs available to the public, although he has been unable to work steadily due to mental health treatment; (3) he lacks any history of violence, did not have an aggravated role in the offense of conviction, and has not had any negative incidents during his time on supervised release or while imprisoned; (4) he has made good faith efforts to comply with the Court's restitution order; (5) he has continued to receive physical therapy treatment for previous injuries, and also is receiving mental health treatment; (6) he has been unable to visit extended family members in Haiti and pay his respects to those lost during the devastating earthquake years ago; and (7) terminating supervised release would be economical to the government. In short, Bastien argues that he has been rehabilitated. The government counters that no "changed circumstances" justify the requested relief, because, among other things, model prison conduct is expected, and none of the activities defendant has engaged in constitute the "exceptional behavior" required by *Lussier*.

After considering the statutory factors and defendant's proffered reasons, the Court concludes that early termination of Bastien's supervised release is unwarranted. The Court acknowledges that defendant's pre- and post-release conduct apparently is unblemished, and his efforts to seek medical treatment and educational and work opportunities are laudable. These actions, however, are expected of a person on supervised release, and are "not so unusual as to merit early termination." *McKay*, 352 F. Supp. 2d at 361. Other cases have not found that this type of behavior warrants early termination. *See, e.g., Fenza*, 2013 WL 3990914, at *1–2 (denying early termination of supervised release where defendant, among other things, had completed two of three years of supervised release without issue, returned to live with family in his childhood neighborhood and house, regained operational management of his car service company and developed it despite recession, and cared for his wife and grandchildren); *McKay*, 352 F. Supp. 2d at 360–61 (denying early termination of supervised release where defendant had flawless record during incarceration and fourteen months of three-year period of supervised release, had health issues, was active member of community, took responsibility for crimes when he pled guilty, had never use drugs or abused alcohol, had been meeting his restitution obligation, and argued that termination would assist in efforts and ability to spend time with and care for family). Moreover, given the serious nature of defendant's underlying criminal conduct, the Court concludes that supervised release continues to be necessary to ensure that he does not return to any criminal activity. In sum, having considered all of the statutory factors under the particular circumstances of this case, Bastien's post-release conduct does not persuade this Court that early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1)(A).

Nor would early termination be in the interest of justice. Bastien has not shown that remaining on supervised release will threaten his opportunities to advance or endanger any employment he may have. *See United States v. Etheridge*, 999 F. Supp. 2d 192, 198 (D.D.C. 2013) (detailing threat to defendant's employment if he would not be allowed to travel abroad). There also is reason to believe that Bastien would benefit from continued supervision, and he still must provide restitution to victims. *See* 18 U.S.C. §§ 3553(a)(2)(D), 3553(a)(7). Neither defendant's desire to visit his

extended family in Haiti, *see United States v. Lai*, 458 F. Supp. 2d 177, 177 (S.D.N.Y. 2006) (denying early termination where petitioner wanted to return to family in Taiwan), nor his desire to not be an economic burden on the government justify a finding that early termination would be "in the interest of justice," 18 U.S.C. § 3583(a)(1)(A).[6]

Accordingly, having considered all of the statutory factors in its discretion, the Court denies Bastien's motion for early termination of supervised release.

### IV. CONCLUSION

For the foregoing reasons, the Court denies defendant's petition for a writ of *audita querela* and his motion for early termination of supervised release in their entirety. Bastien's supplemental motion, pursuant to § 2255, also is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). With respect to case No. 13-CV-355, the Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
United States District Judge

Dated: June 29, 2015
Central Islip, NY

\* \* \*

The United States is represented by Kelly T. Currie, Acting United States Attorney, by Richard Thomas Lunger, Jr. and Charles N. Rose, Assistant United States Attorneys, 610 Federal Plaza, Central Islip, New York 11722. Defendant proceeds *pro se*.

---

[6] If Bastien wishes to travel abroad during the remainder of his supervised release term, he can make an application to the Court (stating the reasons for such travel), and the Court will consider it.